MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Email:    macclaw@macbarlaw.com

Attorneys for Plaintiff,
TIMOTHY W. HOFFMAN, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NANCY ANN BELLO,<br><br>                  Debtor. | Case No. 16-10603 AJ<br><br>(Chapter 7) |
| TIMOTHY W. HOFFMAN, Trustee in Bankruptcy of the Estate of Nancy Ann Bello,<br><br>                  Plaintiff,<br><br>             v.<br><br>PREMIER TRUST, INC., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12; PREMIER TRUST, INC., as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12; BRIAN WEISS, as Trustee of the Walldesign Liquidation Trust; and WESTERN ALLIANCE BANK, an Arizona corporation; DAVID ABREU, an individual; DAVID ABREU VINEYARD MANAGEMENT, a corporation; MICHAEL RU BELLO, an individual,<br><br>                  Defendants. | A.P. Case No. 16-1094<br><br>**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER FRAUDULENT AND PREFERENTIAL TRANSFERS, TO ASSERT TRUSTEE'S "STRONG ARM" POWERS TO DETERMINE VALIDITY AND EXTENT OF LIEN, AND TO SELL REAL PROPERTY FREE AND CLEAR OF CO-OWNER'S INTEREST** |

Plaintiff alleges:

<u>JURISDICTION AND VENUE</u>

1.  On July 12, 2016, the Debtor Nancy Ann Bello filed her Voluntary Petition for

6054.premier.complaint.                                                                                                                              PAGE 1

Relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Thereafter, Plaintiff Timothy W. Hoffman was duly appointed as Chapter 7 Trustee in Bankruptcy therein.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 548. This matter is a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(A), (E), (H), (K), (N), and (O) . Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provision of 28 U.S.C. § 157(c)(2). Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

## PARTIES

3. Plaintiff Timothy W. Hoffman is the duly appointed Chapter 7 Trustee of the Estate of Nancy Ann Bello. Plaintiff does not have personal knowledge of the facts alleged in this Complaint that arose prior to his appointment, and therefore alleges all of those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against Defendants which may be discovered by his ongoing investigation.

4. Defendant Premier Trust, Inc. is a Nevada corporation doing business in the State of California, and is sued as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12, Among other things, Defendant Premier Trust, Inc. is engaged in the business of promoting and organizing self-settled spendthrift "asset protection" trusts, whereby individuals can fraudulently purport to place their assets beyond the reach of creditors holding legitimate claims against them, while still enjoying all benefits and income from those assets.

5. Defendant Brian Weiss is an individual doing business in the State of California, and is sued as the Trustee of the Walldesign Liquidation Trust, a post-confirmation liquidating trust established by the confirmed Plan of Reorganization in the matter *In re Walldesign, Inc.*, U.S. Bank. Ct. C.D. Cal. Case No. 8:12-bk-10105-CB (Dkt. No. 1247 therein). At no time has Plaintiff been a "Creditor" of Walldesign Inc., as the term is defined in Section 2.1.47 of the Walldesign Plan, and Plaintiff is therefore not subject to the channeling injunction set forth in Section 10.2 of the Walldesign Plan.

6. Defendant Michael Ru Bello is an individual residing in the State of California,

1  and is the former spouse of the Debtor Nancy Ann Bello.

2    7.   Defendant Western Alliance Bank is an Arizona banking corporation doing

3  business in the State of California.

4    8.   Defendant David Abreu is an individual doing business in the State of California.

5  Defendant David Abreu Vineyard Managment, Inc. is a corporation organized and existing under

6  the laws of the State of California.  These Defendants are collectively referred to as "the Abreu

7  Defendants".

## GENERAL ALLEGATIONS

9    9.   Walldesign is a California corporation formed in 1983.  Until 2011, the company

10  was engaged in the business of installing drywall, insulation, acoustical material, and plaster, and

11  providing related services to single and multi-family construction products in California, Nevada,

12  and Arizona.

13    10.   At all relevant times up through June 15, 2016, Defendant Michael Ru Bello was

14  the spouse of the Debtor Nancy Ann Bello.  At all relevant times up through on or about January

15  4, 2012, Defendant Michael Bello was the sole shareholder and President of Walldesign, Inc.

16    11.   Prior to the year 2007, Walldesign, Inc., enjoyed considerable financial success,

17  enabling the Bello family to acquire and maintain a lavish lifestyle while not compromising the

18  solvency of Walldesign, Inc. or its ability to pay its debts as they became due.

19    12.   On or about August 22, 2002, during the period of time when Walldesign, Inc. was

20  highly profitable, an entity known as Ru Investments, LLC, wholly owned by the Debtor and

21  Defendant Michael Ru Bello, purchased the real property commonly known as 8424 St. Helena

22  Highway, Rutherford, CA (the "8424 Property") in an arm's length sale from an unrelated third

23  party for the sum of $1,800,000.

24    13.   On July 20, 2004, Ru Investments, LLC, conveyed the 8424 Property to Michael

25  Ru Bello and Nancy Ann Bello, Trustees of the Bello Family Trust dated January 14, 1997.  The

26  Grant Deed in question recites that the transfer was for no consideration and "The grantors and

27  the grantees in this conveyance are comprised of the same parties who continued to hold the same

28  proportionate interest in the property, R&T 11911".  As of no later than July 20, 2004, Defendant

1  Michael Ru Bello and Nancy Bello held the 8424 Property as community property.

2      14.    By 2007, Walldesign, Inc. was in financial difficulty.  The global economic downturn that began in 2007 resulted in a major slowdown in the construction industry, and Walldesign's revenues and work in progress sharply declined.  For its fiscal year ending October 31, 2007, Walldesign's gross revenues declined by 30%, and its gross profit on contract revenues plummeted from 10.45% in 2006 to 1.95% in 2007.  As a consequence, Walldesign incurred a net loss of $11.5 Million in 2007.  This financial condition only worsened during the next four years.

    15.    On January 2, 2012, Walldesign, Inc. filed a voluntary petition for relief under Chapter 11 of the bankruptcy code in the U.S. Bankruptcy Court for the Central District of California, scheduling assets of approximately $16 Million and liabilities of approximately $26 Million.

    16.    Notwithstanding the financial deterioration of Walldesign, Inc., from 2007 through January 4, 2012, Defendant Michael Ru Bello continued to use the corporate funds of Walldesign, Inc. to finance a lavish personal lifestyle for the Bello family, including himself, the Debtor, his mother, and his children.  These expenditures included expenses associated with a vineyard and winery operation in Napa County, thoroughbred horses and racetrack club memberships, a Rolls Royce, and other expensive items.

    17.    As the financial condition of Walldesign, Inc. deteriorated both before and after it filed Chapter 11, Defendant Michael Ru Bello and the Debtor became concerned over their potential personal liability for millions of dollars of guaranties of Walldesign debts and other areas of exposure.  In a flawed attempt to evade these liabilities, Defendant Michael Ru Bello and the Debtor embarked on an "asset protection" scheme to attempt to put their assets beyond the reach of legitimate creditor claims.  In doing so, they typically used entities organized in the State of Nevada, which permits a higher degree of anonymity than the State of California, where the Bellos were continuously domiciled.

    18.    In particular, at a time when a substantial State Court collection action was filed and pending against Walldesign and Michael Bello individually, and on or about April 24, 2012, for no consideration, the Defendant Michael Ru Bello and the Debtor executed a Quitclaim Deed

of the 8424 Property to MB Investment Group, LLC, a Nevada limited liability company. The deed recited, "The grantors and the grantees in this conveyance are comprised of the same parties who continued to hold the same proportionate interest in the property, R&T 11911". A correct copy of this Quitclaim Deed is attached to this Complaint and labeled Exhibit 1. From and after this conveyance, Defendant Michael Ru Bello and the Debtor continued to hold their beneficial interest in the 8424 Property as community property.

19. On or about December 19, 2012, the Debtor Nancy Bello acting as Manager of MB Investment Group, LLC, executed a Quitclaim Deed of the 8424 Property to "Michael Ru Bello, a Married Man as his Sole and Separate Property, as to an undivided 50% interest;" and "Nancy Ann Bello, a Married Woman, as her Sole and Separate Property, as to an undivided 50% interest. A correct copy of this Quitclaim Deed is attached to this Complaint and labeled Exhibit 2.

20. Also on December 19, 2012, in furtherance of their "asset protection" scheme, the Debtor and Defendant Michael Ru Bello each executed Quitclaim Deeds of the 8424 Property for no consideration to Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12. These trusts were each self-settled spendthrift trusts for the benefit of the Debtor's children Stephen and Christopher Bello. These Quitclaim Deeds were recorded on January 4, 2013, in the Official Records of the County of Napa, as Document Nos. 2013-0000251 and 2013-0000250, respectively.

21. On December 19, 2013, the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Wall Design, Inc. commenced an adversary proceeding against the Debtor and others entitled *Official Committee, etc. v. Michael Ru Bello*, et al, U.S. Bank. Ct., C.D. Cal. A.P. No. 8:13-1409 CB. A correct copy of this Complaint is attached to this Complaint, and labeled Exhibit 3. On or about November 19, 2014, Defendant Brian Weiss was assigned all of the rights of the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Walldesign, Inc. in A.P. No. 8:13-1409 CB and thereafter substituted in as the plaintiff real-party-in-interest in that action.

1    22.    On March 23, 2015, after issuance of a Right to Attach Order, the Clerk of the Court issued a Writ of Attachment in A.P. No. 8:13-1409 CB against the 8424 Property and other assets of the Debtor and the other defendants therein.  A correct copy of this Writ of Attachment is attached to this Complaint and labeled Exhibit 4.  Thereafter, on April 24, 2015,  the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Wall Design, Inc. perfected an attachment lien against Premier Trust, Inc., as Trustee of the  Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 by recording a "Notice of Attachment" in the Official Records of the County of Napa, as Document No. 2015-0010212.  A Correct copy of this "Notice of Attachment" is attached to this Complaint and labeled Exhibit 5.  No "Notice of Attachment" was recorded at any time against the Debtor.

23.    On or about July 13, 2015, Defendant Weiss, the Debtor, Defendant Michael Ru Bello, and other parties executed a "Settlement Agreement" resolving A.P. No. 8:13-1409.   A correct copy of this "Settlement Agreement" is attached to this Complaint and labeled Exhibit 6.  Among other things, this Settlement Agreement memorialized a debt on the part of the Debtor owing to Weiss, (1) a series of provisions providing that the debt may be satisfied in full by the formulaic payment of approximately $7 Million from the liquidation of various properties within one year, (2) a provision that the debt owed by Nancy Bello to Defendant Weiss would remain secured by the purported Attachment Lien identified above, and (3) in the event that the $7 Million payment was not made within one year, provisions for (i) entry of a stipulated judgment in favor of Defendant Weiss against the Debtor in the amount of $18 Million and (ii) an involuntary sale of the 8424 Property and the furnishings and other personal property contained therein at a price and terms to be determined by Defendant Weiss in his sole and absolute discretion.

24.    On May 10, 2016, the Abreu Defendants purported to levy an attachment lien on the 8424 Property by the recordation of two "Notice of Attachment" forms directed to Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated December 19, 2012 and Premier Trust, Inc., as Trustee of the Michael Ru Bello 2012 Trust dated December 19, 2012.  These documents were recorded on May 10, 2016 with the Official Records of the County of

1   Napa as Document Nos. 2016-0011227 and 2016-0011228.

2       25.    Sometime prior to July 12, 2016, in anticipation that the Debtor and the remaining defendants in A.P. No. 8:13-1409 would default under the terms of the Settlement Agreement, Defendant Weiss scheduled an auction sale of the 8424 Property and its contents for August 4, 2016, at a price and terms determined by him in his sole and absolute discretion.  As noted above, on July 12, 2016, less than one year from the effective date of the Settlement Agreement, the Debtor filed her petition for relief with this Court.

## FIRST CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 544(b))
(Against Defendants Premier Trust, Inc., Brian Weiss, and the Abreu Defendants Only)

    26.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 25, inclusive.

    27.    Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of actual creditors holding claims against the Debtor as of the filing of the petition for relief, including the right to commence and prosecute causes of action pursuant to the California Uniform Fraudulent Transfer Act, Cal. Civil Code Sections 3439 et seq.

    28.    As of January 4, 2013, MB Investments, LLC, was a mere shell, instrumentality, and conduit by which Defendant Michael Ru Bello and the Debtor conducted business.  The sole reason for the existence of MB Investments, LLC was to act as a corporate "straw man" to hold assets in which Defendant Michael Ru Bello and the Debtor enjoyed beneficial use and ownership in order to conceal these assets from their legitimate creditors.  MB Investments, LLC is therefore the mere alter ego of Defendant Michael Ru Bello and the Debtor and its separate corporate existence should be disregarded.

    29.    On or about January 4, 2013, a date within four years of the filing of the petition for relief, Defendant Michael Ru Bello and the Debtor, through the use of their alter ego MB Investments, LLC, voluntary transferred their community property interest in the 8424 Property to Michael Ru Bello, as his sole and separate property and Nancy Bello as her sole and separate

property.

30.     Defendant Michael Ru Bello and the Debtor made this transfer with the actual intent to hinder, delay or defraud their then-existing and future creditors.

31.     The actual fraudulent intent of the Defendant Michael Ru Bello and the Debtor is inferred from the presence of a number of the so-called "badges of fraud". These include the facts that (a) a conveyance from community to separate property hinders the execution rights of legitimate creditors of the Defendant Michael Ru Bello and/or the Debtor, (b) the Defendant Michael Ru Bello and the Debtor were being pursued by a number of creditors at the time of the transfers, (c) the Defendant Michael Ru Bello and the Debtor made the transfers as part of an admitted "asset protection" scheme, (d) the Defendant Michael Ru Bello and the Debtor were insolvent at the time of the transfers, (e) the Defendant Michael Ru Bello and the Debtor continued to retain ownership and use of the 8424 Property after the transfer, and (f) there was wholly inadequate consideration for the transfers.

32.     Also on or about January 4, 2013, a date within four years years of the filing of her petition for relief, the Debtor voluntarily transferred her interest in the 8424 Property to the Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12; and Defendant Michael Ru Bello voluntarily transferred his interest in the 8424 Property to the Defendant Premier Trust, Inc., as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12.

33.     Defendant Michael Ru Bello and the Debtor made these transfers with the actual intent to hinder, delay or defraud their then-existing and future creditors.

34.     The actual fraudulent intent of the Defendant Michael Ru Bello and the Debtor is inferred from the presence of a number of the so-called "badges of fraud". These include the facts that (a) the Irrevocable Nancy Bello 2012 Trust and Irrevocable Michael Ru Bello 2012 Trust were at all times under the control of Defendant Michael Ru Bello and the Debtor, (b) the Defendant Michael Ru Bello and the Debtor were being pursued by a number of creditors at the time of the transfers, (c) the Defendant Michael Ru Bello and the Debtor made the transfers as part of an admitted "asset protection" scheme, (d) the Defendant Michael Ru Bello and the Debtor

were insolvent at the time of the transfers, (e) the Defendant Michael Ru Bello and the Debtor continued to retain ownership and use of the 8424 Property after the transfer, and (f) there was wholly inadequate consideration for the transfers.

35. On April 24, 2015, a subsequent transfer of the 8424 Property was made by Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 to Defendant Weiss by reason of the levy of the Writ of Attachment set forth as Exhibit 5. Although this transfer was the involuntary creation of a lien, it met the definition of "transfer" contained in 11 U.S.C. Section 550 and 101(54)(A) & (D). Defendant Weiss was therefore a "mediate transferee" of the 8424 Property as the term is used in 11 U.S.C. Section 550(a)(2).

36. Defendant Weiss was not a "good faith transferee" of Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust at the time it was transferred the attachment lien. As early as December 19, 2013, Defendant Weiss knew that Defendant Premier Trust, as Trustee of the two trusts held title to the 8424 Property as a result of intentional fraudulent transfers, see Exhibit 3, p. 11:14-27.

37. On May 10, 2016, a subsequent transfer of the 8424 Property was made by Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 to the Abreu Defendants by reason of the levy of the attachment lien identified in Paragraph 24 above. Although this transfer was the involuntary creation of a lien, it met the definition of "transfer" contained in 11 U.S.C. Section 550 and 101(54)(A) & (D). The Abreu Defendants were therefore "mediate transferees" of the 8424 Property as the term is used in 11 U.S.C. Section 550(a)(2).

38. The Abreu Defendants were not "good faith transferees" of Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust at the time they were transferred the attachment lien. No later than May 3, 2016, the Abreu Defendants had actual knowledge of the allegations of

1  Defendant Weiss in Exhibit 3 that Defendant Premier Trust, as Trustee of the two trusts held title

2  to the 8424 Property as a result of intentional fraudulent transfers.

3     39.    As of the filing of the Debtor's petition for relief she had actual unsecured

4  creditors holding allowable unsecured claims with the right to avoid these transfers pursuant to

5  the California Uniform Fraudulent Transfer Act, including without limitation Comerica Bank and

6  AB Calif. Acquisition Corp.

7     40.    Plaintiff is therefore entitled to have these transfers avoided pursuant to the

8  provisions of 11 U.S.C. § 544(b), and preserved for the benefit of the Estate pursuant to 11 U.S.C.

9  § 551.

10     WHEREFORE, Plaintiff prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
(Assertion of Trustee's "Strong Arm" Powers – 11 U.S.C. § 544(a)(3))
(Against Defendant Brian Weiss Only)

14     41.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1

15  through 40, inclusive.

16     42.    Among the rights and powers of Plaintiff as the duly appointed Trustee in

17  Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of a hypothetical

18  purchaser of real property from the Debtor whose interest was perfected as of the filing of the

19  Debtor's petition for relief.

20     43.    Defendant Weiss claims an attachment lien on the legal and/or beneficial interest

21  of the Debtor in the 8424 Property.

22     44.    Under the laws of the State of California, a hypothetical bona fide purchaser of the

23  8424 Property as of the filing of the Debtor's petition for relief had the power to avoid any

24  purported attachment lien held by Weiss on the 8424 Property. In particular, Defendant Weiss

25  never perfected his attachment lien against the Debtor by duly recording a "Notice of

26  Attachment" as to her; the sole "Notice of Attachments" recorded by Defendant Weiss were the

27  "Notice of Attachment" directed to the third party Prime Trust set forth in Exhibit 5 and a second

28  "Notice of Attachment" directed as to Defendant Michael Bello only. Further, even if some

document evidencing the Right to Attach Order issued in favor Defendant Weiss and against the Debtor was recorded, the Writ of Attachment was a nullity because it failed to contain the mandatory information set forth in Cal. Code of Civil Procedure Section 488.010(c) as to the Debtor. Under the laws of the State of California, official Judicial Council forms which do not contain all of the information mandatorily required by statute do not impart constructive notice, even if they are recorded.

45. Plaintiff is therefore entitled to have the purported attachment lien asserted by Defendant Weiss on the 8424 Property avoided pursuant to the provisions of 11 U.S.C. § 544(a)(3), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
(Avoidance of Preferential Transfer – 11 U.S.C. § 547)
(Against Defendant Brian Weiss Only)

46. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 45, inclusive.

42. On or about July 13, 2015, Defendant Weiss, the Debtor, Defendant Michael Ru Bello, and other parties executed the "Settlement Agreement" resolving A.P. No. 8:13-1409 and attached to this Complaint and labeled Exhibit 6.

43. By reasons of this "Settlement Agreement" the Debtor transferred the beneficial community property interest in the 8424 Property to Defendant Weiss by, among other things, giving him the complete discretion to sell the 8424 Property.

44. The Settlement Agreement and its resulting transfers were on account of an antecedent debt owed by the Debtor and Defendant Michael Ru Bello to the Defendant Weiss, as is more fully set forth in Exhibit 3.

45. The Settlement Agreement and its resulting transfers were made within one year of the Debtor's filing of a petition for relief.

46. Although Defendant Weiss is adverse to the Debtor and the Defendant Michael Ru Bello, as of the date of the Settlement Agreement and at all times thereafter, all of Defendant

1  Weiss' rights derive as a successor in interest to Walldesign, Inc., a corporation wholly owned by
2  the Debtor and Defendant Michael Ru Bello.  Defendant Weiss is therefore a *per se* "insider" of
3  the Debtor and Defendant Michael Ru Bello as the term is defined by 11 U.S.C. Section
4  101(31)(A)(iv).

5      47.    At the time of the Settlement Agreement Defendant Michael Ru Bello and the
6  Debtor were insolvent.

7      48.    The Settlement Agreement and its resulting transfers enabled the Defendant Weiss
8  to receive more on account of his claim than if these transfers had not been made and Defendant
9  Weiss received payment of such debt through Chapter 7 distribution.

10     49.    Plaintiff is therefore entitled to have the Settlement Agreement and its resulting
11 transfers  avoided pursuant to the provisions of 11 U.S.C. § 547, and preserved for the benefit of
12 the Estate pursuant to 11 U.S.C. § 551.

13     WHEREFORE, Plaintiff prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
(Avoidance of Preferential Transfer – 11 U.S.C. § 547)
(Against the Abreu Defendant Only)

17
18     50.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1
19 through 49, inclusive.

20     51.    On May 10, 2016, a transfer of the 8424 Property was made by to the Abreu
21 Defendants Weiss by reason of the levy of the attachment lien identified in Paragraph 24 above.
22 Although this transfer was the involuntary creation of a lien, it met the definition of "transfer"
23 contained in 11 U.S.C. Section 550 and 101(54)(A) & (D).

24     52.    This transfer was on account of an antecedent debt owed by the Debtor and
25 Defendant Michael Ru Bello to the Abreu Defendants.

26     53.    This transfer was made within 90 days of the Debtor's filing of a petition for relief.
27     54.    At the time of this transfer Defendant Michael Ru Bello and the Debtor were
28 insolvent.

55. This transfer enabled the Abreu Defendants to receive more on account of their claim than if the transfer had not been made and the Abreu Defendants received payment of such debt through Chapter 7 distribution.

56. Plaintiff is therefore entitled to have the attachment lien avoided pursuant to the provisions of 11 U.S.C. § 547, and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

FIFTH CLAIM FOR RELIEF
(Determination of Secured Status – 11 U.S.C. § 506)
(Against the Abreu Defendants and Defendant Western Alliance Bank Only)

57. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 56, inclusive.

58. On August 13, 2015, Defendant Western Alliance Bank recorded an Abstract of Judgment against the 8424 Property, creating a judgment lien in the amount of $553,543.14 against the Debtor's interest therein.

59. Plaintiff is informed and believes and on that basis alleges that the fair market value of the 8424 Property is no more than $7 Million.

60. There are over $21 Million in liens and encumbrances on the 8424 Property senior to the judgment lien of Defendant Western Alliance Bank and the attachment lien of the Abreu Defendants, including a first deed of trust in favor of Comerica Bank in the approximate amount of $3.2 Million and the avoidable attachment lien held by Defendant Weiss and preserved for the benefit of the Estate, as alleged above.

61. Therefore, there is no value in the undersecured interest held by Defendant Western Alliance Bank and the Abreu Defendants in the 8424 Property and these Defendants are wholly unsecured as to the this property.

62. Plaintiff is therefore entitled to a judicial declaration that Defendant Western Alliance Bank and the Abreu Defendants are wholly unsecured as to the 8424 Property pursuant to the provisions of 11 U.S.C. Section 506.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SIXTH CLAIM FOR RELIEF
(Sale Free and Clear of Co-Owner's Interests -- 11 U.S.C. 363(h))
(Against Defendants Michael Ru Bello and Premier Trust, Inc. Only)

63. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 62, inclusive.

64. This Claim for Relief is pled in the alternative that the Court concludes that the entire fee interests of Defendant Michael Ru Bello and the Debtor in the 8424 Property are not property of the Estate.

65. Among the assets of the estate is a 50% joint tenancy interest in the 8424 Property. Plaintiff is informed and believes and on that basis alleges that Defendants Michael Ru Bello and/or Premier Trust, Inc, as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 have the remaining 50% joint tenancy interest in the 8424 Property.

66. Partition in kind of the Property between the estate and Defendants Premier Trust and Michael Ru Bello impractical.

67. A sale of the estate's undivided interest in the 8424 Property would realize significantly less for the estate than the sales of the 8424 Property free and clear of the interest of any co-owner.

68. The benefit to the estate of a sale of the 8424 Property free and clear of the interest of any co-owner outweighs the detriment, if any, to the co-owner.

69. The 8424 Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural of synthetic gas or heat, light, or power.

70. Plaintiff is therefore entitled to an order permitting him to sell the entire fee interest in the Property free and clear of the interests of the Defendants Premier Trust and Michael Ru Bello, subject to any right of refusal under 11 U.S.C. § 363(i) and any right to a share of the proceeds pursuant to 11 U.S.C. § 363(j), which Defendants may have.

WHEREFORE, Plaintiff prays for judgment as set forth below.

SEVENTH CLAIM FOR RELIEF
(Assertion of Trustee's "Strong Arm" Powers – 11 U.S.C. § 544(a)(1) & (2))
(Against Defendant Brian Weiss Only)

71. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 70, inclusive.

72. Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of the holder of a hypothetical judgment lien or execution lien against the Debtor whose interest was perfected as of the filing of the Debtor's petition for relief.

73. Among the assets of this Estate are furnishings and other personal property (the "Furnishings") owned by the Debtor with a liquidation value of between $30,000 and $150,000.

74. Defendant Weiss claims a right to involuntarily liquidate the Furnishings pursuant to the "Settlement Agreement" set forth in Exhibit 6. At no time did Defendant Weiss purport to perfect his enforcement rights against the Furnishings through the filing of a UCC-1 Financing Statement or otherwise. The Furnishings are not subject to any Right to Attach Order or Writ of Attachment issued in favor of Defendant Weiss.

75. Under the laws of the State of California, a hypothetical judgment lien creditor or execution creditor of the Debtor as of the filing of the Debtor's petition for relief had the power to avoid any purported attachment lien or other enforcement right held by Weiss against the Furnishings.

76. Plaintiff is therefore entitled to have the purported attachment lien or other enforcement right asserted by Defendant Weiss on the Furnishings avoided pursuant to the provisions of 11 U.S.C. § 544(a)(1) & (2), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order avoiding the transfers of the 8424 Property alleged above to Defendants Premier Trust, Inc., Brian Weiss and the Abreu Defendants, and preserving these

1  transfers for the benefit of the Estate;

2      2.    For an order avoiding the transfers to Brian Weiss incorporated into the

3  Settlement Agreement alleged above, and preserving these transfers for the benefit of the Estate;

4      3.    For an order declaring that Defendant Western Alliance Bank and the Abreu

5  Defendants are wholly unsecured as to the 8424 Property pursuant to the provisions of 11 U.S.C.

6  Section 506.

7      4.    For an order authorizing Plaintiff to sell the 8424 Property free and clear of any

8  co-ownership interests of Defendants Michael Ru Bello and Premier Trust, Inc., and any other

9  person;

10     5.    For an order avoiding any lien or interest held by Defendant Brian Weiss on the

11 Furnishings, and preserving any such lien or interest for the benefit of the Estate;

12     6.    For costs of suit incurred herein; and

13     7.    For such other and further relief as the Court deems proper.

Dated: September 2, 2016                MACCONAGHY & BARNIER, PLC


                                         /s/ John H. MacConaghy
                                        By: John H. MacConaghy
                                        Attorneys for Plaintiff
                                        Timothy W. Hoffman, Trustee in Bankruptcy.